Case 90.—ACTION BY LOUELLA THURMAN AGAINST THE
SOUTHERN RAILWAY IN KY. FOR DAMAGES FOR IN-
SULTING HER AND ORDERING HER INTO THE COACH
FOR COLORED PASSENGERS, SHE BEING A WHITE
WOMAN.—January 10.

## Southern Ry. in Ky. v. Thurman.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Re-
versed.

1. Railroads—Separate Coaches—Mistaking White Passenger for
Negro—Refusing Admission to White Coach—Using Insulting
Language—Statement of Employe—Competency—In an action
for damages by a white woman against a railroad company
for refusing her admission into the coach set apart for white
passengers on the ground that she was a negro, in which
she claimed that the brakeman used insulting language to
her and to others about her. Held—That what the agent said
while he was doing the business of his master is competent
against the master, but what he said after the business was
done is not competent.

2. Employe—Statement Made Out of Court—Competency—Sub-
stantive Testimony—If a witness out of court makes state-
ments inconsistent with his testimony on the trial, proof
of these may be admitted when a proper foundation is laid
to contradict the witness, but the court in such case must
instruct the jury that the testimony is not to be considered
as substantive evidence against the defendant, but only to im-
peach the witness.

3. Statement in Hearing of Plaintiff—If anything insulting was
said by the brakeman in the hearing of the appellee, this may
be admitted in evidence.

4. Instructions—Act of employe—Ordinary Care—The court should
have told the jury that the brakeman in requiring the plain-
tiff to leave the white coach did not in good faith believe,
or did not have the right to believe that she was a woman of
color, or if he was insulting to her, they should find for the

plaintiff, but that if he in good faith believed, and in the exercise of ordinary care had a right to believe that she was a woman of color, and was not insulting to her, the jury should find for the defendant. ✓

5. Measure of damages—The jury should also have been told that if they found for the plaintiff the measure of recovery was such sum as would fairly compensate her for the trouble in leaving the car and returning to it unless the brakeman was insulting to her, and in this event they were not confined to compensatory damages, but might or might not in their discretion allow punitive damages, but not exceeding in all the amount claimed in the petition.

JOHN T. SHELBY and HUMPHREY, HINES & HUMPHREY for appellant.

## POINTS AND AUTHORITIES.

1. Testimony of Turner and Mrs. Bess incompetent, not being a part of the res gestae. (McLeod, Receiver v. Ginther's Adm'r, 80 Ky., 401; Chesapeake & Ohio R. R. Co. v. Reeves' Adm'r, 11 Ky. Law Rep., 14; Vicksburg & Meridian Railroad Co. v. O'Brien, 119 U. S., 99; Louisville & Nashville R. R. Co. v. Ellis' Adm'r, 97 Ky., 332; Louisville & Nashville R. R. Co. v. Webb. 99 Ky., 340; Hughes' Adm'r v. Louisville & Nashville R. R. Co., 104 Ky., 780; Heft v. Masden, &c., 21 Ky. Law Rep., 390; Early's Adm'r v. L., H. & St. L. Ry. Co., 24 Ky. Law Rep., 1808; 19 L. R. A., 746.)

2. The instructions are erroneous in regard to recovery, and also on the measure of damages. (Louisville & Nashville R. R. Co. v. Ballard, 85 Ky., 312; Reed v. Maley, 25 Ky. Law Rep., 209.)

3. The damages were excessive. (Reed v. Maley, 25 Ky. Law Rep., 209; M. K. & T. Co. v. Ball, 61 S. W., 327.)

MORTON, WEBB & WILSON for appellee.

## POINTS AND AUTHORITIES.

### I.

The case stated. (Southern Railway Co. in Ky. v. Thurman, 25 Ky. Law Rep., 804.)

Both pleadings and evidence are sufficient upon demurrer. ("Separate Coach Law," Ky. Stats., secs. 795-801; Southern Ry. Co. in Ky. v. Thurman, 25 Ky. Law Rep., 804; Nicholson v. Rust, 21 Ky. Law Rep., 645; Williams v. Greenwade, 3 Dana, 432; Lyons v. Stratton, 102 Ky., 317; Nicholson v. Merritt, 109 Ky., 369; Ky. Stats., secs. 1, 466 and 1271; L. & N. R. R. Co. v. Ballard, 85 Ky., 307; Strull v. L. & N. R. R. Co., 25 Ky. Law Rep., 678; Quinn, &c. v.

L. & N. Ry. Co., 98 Ky., 231; Wood, &c. v. L. & N. R. R. Co., 101 Ky., 703; Reed v. Maley, 25 Ky. Law Rep., 209—distinguished; Winnegar's Adm'r v. Central Passenger Ry. Co., 85 Ky., 547; L. & N. R. R. Co. v. Ballard, 88 Ky., 159.)

## II.

### REVIEW OF THE EVIDENCE.

**1.**

(a.) The plaintiff's physical condition.

(b.) The brakeman's behavior toward Mrs. Thurman on her first arrival at the train, and the "information" upon which he acted in ordering her out of the ladies' coach into the negro coach.

(c.) His manner in approaching Mrs. Thurman—"laid his hand on her shoulder."

(d.) The interview between Mrs. Thurman and the brakeman on the platform of the car; his refusal to accept her protests and explanations; forcible prevention of her entering the ladies' coach; his insults and slanders; her emotion.

(e.) The interview between Mrs. Bess and Brakeman Wilkerson preceded the interview between Mrs. Thurman and Conductor Kinney.

**2.**

(a.) The slanderous statements uttered by Wilkerson to Mrs. Bess concerning Mrs. Thurman, and in her hearing, and in the presence and hearing of a curious crowd attacted to the spot, were a part of the res gestae, and admissible, both for that reason and because, in and of themselves, they constituted independent and original evidence. The same thing is true of the slanderous sotto voce remark attributed to Wilkerson by Turner.

(b.) The evidence conducing to prove all these statements considered. (Elliott on Evidence, vol. 1, sec. 543; Sherley, &c. v. Billings, 8 Bush, 147; L. & N. R. R. Co. v. Ballard, 85 Ky., 307.)

## III.

1. Appellant's Criticisms of the court's instructions. (L. & N. R. R. Co. v. Ballard, 85 Ky., 307; Strull v. L. & N. R. R. Co., 25 Ky. Law Rep., 678.)

2. Punitive damages were authorized and were rightfully awarded. (Dawson v. L. & N. R. R. Co., 6 Ky. Law Rep., 668; L. & N. R. R. Co. v. Ballard, 85 Ky., 307; L. & N. R. R. Co. v. Ballard, 88 Ky., 159; L., H. & S. L. Ry. Co. v. Joplin, 21 Ky. Law Rep., 1380; Strull v. L. & N. R. R. Co., 25 Ky. Law Rep., 678; L. & N. R. R. Co. v. Keller, 104 Ky., 768.)

3. Juries are judges of the facts, and verdicts twice returned for same amount will not ordinarily be disturbed on the ground of excessiveness. (L. & N. R. R. Co. v. Ballard, 88 Ky., 159; South. Ry. in Ky. v. Forsythe's Ex'or, 26 Ky. Law Rep., 643; Louisville Gas Co. v. Page, 27 Ky. Law Rep., 885.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Mrs. Louella Thurman, in March, 1902, resided in Harrodsburg. On the morning of March 20th she came to Lexington to consult a physician, with the intention of returning home that evening on the Southern Railway. She went to the evening train in company with a friend, Mrs. Bess, and entered the ladies' coach and took a seat; Mrs. Bess sitting on the arm of the seat and talking with her. While they were talking, two other ladies sitting in the same car seemed to be under the impression that Mrs. Thurman was not a white person, and were saying in effect, "Why have we a separate coach law, if we have to ride in the car with a negro?" A brakeman, hearing this conversation, asked them where the negro was, or, as they say, asked them if Mrs. Thurman was a negro. He says that one of them answered him that she was. The lady says that she answered him that she did not know. The brakeman then went to Mrs. Thurman and asked her to go into the other car, touching her on the shoulder. She got up, Mrs. Bess going along with her, and went out of the car. When she got to the platform, Mrs. Bess told her "Good-bye," and Mrs. Thurman went into the car ahead, and, finding that she had been invited into the colored car, came back immediately and said to the brakeman: "What do you mean by sending me into the colored coach? I am not a colored person. You must be mistaken in your person. My name is Mrs. Thurman, and I live at Harrodsburg." She says he

answered: "You can not come that on me. I know you
of old.   There are others who know you, and, madam,
in this car you won't ride."   He says he said to her:
"I am only doing my duty.   The white people were
kicking about your being in there, and said you are
a negro."   He refused to allow her to return to the
ladies coach.   She then left the platform and went to
her friend, Mrs. Bess, who was still at the station,
and she and Mrs. Bess as they returned to the train
met the conductor, to whom they explained the sit-
uation.   The conductor told her to come on and get
on the train, which she did, and went home.   She
brought this suit for damages against the railroad
company, and recovered a judgment for $4,000, and
from this judgment the railroad company appeals.

She introduced on the trial W. M. Turner, and
proved by him, over the defendant's objection, that
four or five minutes after Mrs. Thurman left the car
he heard the brakeman then say she was a whore off
of Dewees street.   This took place after the expul-
sion from the car, and was in no way connected with
it.   It was not a statement by the agent while engaged
in the transaction, but after the transaction was over.
What the agent says while he is doing the business
of his master is competent against the master; but
what he says after the business is done, and when he
is simply giving a narrative of what he has done, or
justifying himself for what he has done, is not com-
petent against the master.   The statement was not
so connected with the transaction as to be part of the
res jestae, and should not have been admitted.

The brakeman testified that, after Mrs. Thurman
and Mrs. Bess joined the conductor, he came up and
took off his cap and apologized for what he had done.
In this statement he is corroborated by several other

witnesses.  Mrs. Bess was allowed to state that as
they went onto the car the brakeman said to her, after
she told him who Mrs. Thurman was: ''You can't fool
me.  There are three of them on Dewees street.  I
know them on Dewees street.''  What the brakeman
said at this time to Mrs. Bess was like what he said
to Turner after the transaction had closed, and was
not competent evidence against the master.  The
servant's declarations, to be admissible against the
master, must be made while he is engaged in the line
of his duty for the master in the transaction in which
he represents the master.  The brakeman represent-
ed the master in requiring Mrs. Thurman to leave
the ladies' coach and go into the colored coach, and
in refusing to allow her to return to the the ladies'
coach, but there it ended as to this transaction.  The
conductor had told her to return to the car, and she
was then in his care.  The brakeman's authority in
the matter had been superseded by the conductor, and
he was no longer acting for the master in the matter.
Her right to ride in the ladies' coach had been set-
tled.  If this statement had been made the next day
to Mrs. Bess, it would not, perhaps, be insisted that
it is competent; but the length of time that had elap-
sed is not material.  The question is, was the transac-
tion over?  If it was, and the statement was not com-
patent as res jestae, then it is not evidence against
the master.  If a witness makes, out of court, state-
ments inconsistent with his testimony on the trial,
proof of these may be admitted, when a proper foun-
dation is laid, to contradict the witness; but the court
in such case must instruct the jury that the testimony
is not to be considered as substantive evidence against
the defendant, but only to impeach the witness.  If

vol. 121—46

anything insulting was said by the brakeman in the hearing of Mrs. Thurman, this may be admitted.

The instructions of the court to the jury did not properly present the law of the case. In lieu of the instructions given, the court should have told the jury that the defendant was required by law to furnish separate coaches for the transportation of white and colored passengers, and that it was incumbent upon it to assign the white passengers to the coaches intended for them, and the colored passengers to the coaches intended for them; that if the brakeman, in requiring the plaintiff to leave the white coach, did not in good faith believe, or, in the exercise of ordinary care did not have the right to believe, that the plaintiff was a woman of color, or if he was insulting to her, they should find for the plaintiff; but that if he in good faith believed, and in the exercise of ordinary care had a right to believe, that she was a woman of color, and was not insulting to her, the jury should find for the defendant. The jury should also have been told that, if they found for the plaintiff, the measure of recovery was such sum as would fairly compensate her for the trouble in leaving the car and returning to it, unless the brakeman was insulting to her, and in this event they were not confined to compensatory damages, but might or might not, in their discretion, allow punitive damages, but not exceeding in all the amount claimed in the petition. The railroads are required under very heavy penalties to carry their white and colored passengers in separate coaches. The carrier is liable to a heavy fine if he allows a white person to ride in a colored coach, or a negro to ride in a coach assigned to white people. To relieve itself of this liability it must see to it that the members of the two races occupy the coaches as-

signed to that race. What race a person belongs to can not always be determined infallibly from appearances, and mistakes must inevitably be made. When a misake is made, the carrier is not liable in damages simply because a white person was taken for a negro, or vice versa. It is not a legal injury for a white person to be taken for a negro. It was not contemplated by the statute that the carrier should be an insurer as to the race of its passengers. The carrier is bound to exercise ordinary care in the matter; but if it exercises ordinary care, and is not insulting to the passenger, it is not liable for damages.

Judgment reversed, and cause remanded for a new trial.

February 15, 1906.    Opinion extended.

On another trial anything the brakeman said to Mrs. Thurman or to Mrs. Bess in her presence, before Mrs. Thurman appealed to the conductor, may be admitted in evidence. The opinion is to this extent modified.